Lin v. Holder

BIA
Cheng, IJ
A094 793 454

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fourteen.

PRESENT:
>           JOHN M. WALKER, JR.,
>           JOSÉ A. CABRANES,
>           SUSAN L. CARNEY,
>                *Circuit Judges.*

_____

CHAOFEI LIN,
>           *Petitioner,*

>           v.                                        13-4419
>                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*

_____

FOR PETITIONER:           Gary J. Yerman, New York, New York.

FOR RESPONDENT:           Stuart F. Delery, Assistant Attorney
                          General; Song Park, Senior
                          Litigation Counsel; Lindsay M.
                          Murphy, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington D.C; Julie Ahn, Law Clerk**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chaofei Lin, a native and citizen of the People's Republic of China, seeks review of a October 30, 2013, decision of the BIA, affirming the December 9, 2011, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chaofei Lin*, No. A094 793 454 (B.I.A. Oct. 30, 2013), *aff'g* No. A094 793 454 (Immig. Ct. N.Y. City Dec. 9, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications like Lin's,

2

governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam).

In this case, the agency's adverse credibility determination is supported by substantial evidence. The agency reasonably relied on several inconsistences and omissions in finding Lin incredible. First, Lin was inconsistent regarding whether police hit his grandfather during the church raid. Both his credible fear interview and asylum application contain his assertions that his grandfather was hit, but Lin testified that he was not. When asked to explain, he said that he told the asylum officer it did not happen and that the translator may have made a mistake. The IJ reasonably relied on Lin's inability to reconcile this inconsistency in finding him incredible, particularly because the statement was also included in his asylum application. *Zhou Yun Zhang v. United States*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by*

3

*Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007); *Xiu Xia Lin*, 534 F.3d at 167.

In addition, Lin mentioned for the first time at his hearing that he started going to church in China because he was depressed after his restaurant failed, forcing him to return home. When asked why he had never mentioned his depression in his prior statements, he said he did not think to but that he wanted to tell his entire story at the hearing. The IJ reasonably relied on this omission in making his adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 163-64, 166. Lin also admitted that he lied about his employment history in his credible fear interview. We have held that in certain circumstances "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). As Lin concedes that he made a false statement to an immigration officer, and does not allege that this statement was made under coercion, the IJ's conclusion that Lin's false statement rendered him incredible was not in error. It demonstrated his willingness to lie under oath to avoid removal. *Id.* at 170.

4

The IJ also found Lin's demeanor less than candid or forthright. While the IJ did not elaborate on this finding, we typically afford particular deference to demeanor findings. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Finally, Lin failed to take advantage of the IJ's offer of a continuance to obtain his priest's testimony in order to corroborate his religious activities in the United States. The agency properly found that this refusal reflected poorly on Lin's credibility. *See Biao Yang v. Gonzalez*, 496 F.3d 268, 273 (2d Cir. 2007).

Accordingly, considering the totality of the circumstances and all relevant factors, the agency's credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Because the IJ reasonably concluded that Lin was not credible, the adverse credibility determination in this case precludes success on his claims for asylum, withholding of removal and CAT, as all three were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005). We

have considered all of Lin's remaining arguments and find them without merit.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk